# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
November 18, 2010 Session

## CHARLES TRUAX v. MEMPHIS LIGHT GAS & WATER DIVISION

### Direct Appeal from the Chancery Court for Shelby County
### No. CH-08-1929-1     Walter L. Evans, Chancellor

_____

### No. W2010-00479-COA-R3-CV - Filed December 7, 2010

_____

Plaintiff filed a cause of action asserting breach of contract and violation of the Tennessee Human Rights Acts. The trial court awarded summary judgment to Defendant Memphis Light Gas & Water Division based on the applicable statute of limitations. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the trial court Affirmed and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Edgar Davison, Memphis, Tennessee, for the appellant, Charles Traux.

Bruce A. McMullen, Stacie S. Winkler and Joann Coston-Holloway, Memphis, Tennessee, for the appellee, Memphis Light Gas & Water Division.

### MEMORANDUM OPINION[1]

Plaintiff Charles Truax (Mr. Truax) was employed by the City of Memphis Engineering Division from August 1983 through June 21, 1991. When his employment with the City began, Mr. Truax became a participant in the 1978 City of Memphis Pension and

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Retirement System Benefit Plan. On June 24, 1991, he began working for the Memphis Light, Gas and Water Division ("MLGW") and became a participant in the 1988 MLGW Retirement and Pension System Plan. In August 1991, Mr. Truax requested that MLGW credit his years of service with the City to the MLGW pension plan. Also in August 1991, the City rolled-over Mr. Truax's pension contribution to an IRA fund. In September 2000, Mr. Truax and four other MLGW employees requested a credit of previous service to the MLGW pension plan. The MLGW pension board denied that request at its April 5, 2001, meeting. Mr. Truax apparently took no further action until 2005, when he again sought credit for previous service. By correspondence dated October 26, 2005, counsel for MLGW advised Mr. Truax that his request had been denied. Mr. Truax repeated his request in October 2007, and it was again denied by correspondence dated October 25, 2007. On November 2, 2007, counsel for MLGW responded to Mr. Truax's letter of October 31, 2007, again advising him that he was not entitled to a credit for prior City service under the MLGW pension plan.

In October 2008, Mr. Truax filed an action for declaratory judgment and complaint for damages against MLGW in the Chancery Court for Shelby County. In his complaint, Mr. Truax asserted that MLGW had wrongfully determined that he was not entitled to credit in the MLGW pension system for his years of service with the Engineering Division. Mr. Truax asserted that MLGW had acted in violation of Memphis City Ordinance Section 25-163,[2] that its refusal was a breach of the MLGW pension plan in effect at the time he was hired,[3] and that the MLGW pension plan had been administered in a discriminatory manner in violation of the Tennessee Human Rights Act ("THRA"). He prayed for a declaration that he was entitled to credit for prior service to the City, an order that the amount of $17,453.20 be credited to him, compensatory damages for non-pecuniary losses in the amount of $100,000, and costs and attorney's fees.

MLGW answered in December 2008 denying Mr. Truax's allegations. MLGW asserted 11 affirmative defenses, including the applicable statutes of limitations. In February 2009, MLGW moved to dismiss and/or for summary judgment. The trial court denied this motion in May 2009 based upon Mr. Truax's request for additional time to conduct discovery. MLGW again filed a motion to dismiss and/or for summary judgment and

[2]Currently codified as Memphis Code of Ordinances § 4-28-4.

[3]It is unclear whether Mr. Truax is asserting breach of the MLGW pension plan in effect as of 1978 or 1988. In his brief to this Court, Mr. Truax asserts his claim for breach of contract is for breach of the 1978 plan. In his complaint, he asserts that the 1978 MLGW pension plan was in effect when he began employment with MLGW. MLGW, on the other hand, asserts the plan in effect when Mr. Truax was hired was the 1988 plan. Resolution of this discrepancy is unnecessary in light of our disposition of this matter, however.

statement of undisputed facts in October 2009.

Following a hearing on December 17, 2009, the trial court awarded summary judgment to MLGW. In its final order of January 26, 2010, the trial court determined that Mr. Truax's breach of contract and THRA claims were barred by the applicable statute of limitations. The trial court also stated that Mr. Truax's action was not a petition for certiorari and that a private cause of action existed under Memphis Ordinance § 25-163. Mr. Truax filed a timely notice of appeal to this Court.

### *Issues Presented*

Mr. Truax presents the following issues for our review, as we slightly reword them:

(1)     Whether the trial court erred by dismissing Mr. Truax's cause of action for breach of the MLG&W pension plan as barred by the applicable six-year statute of limitations.

(2)     Whether the trial court erred by dismissing Mr. Truax's claim under the THRA as time barred by the applicable one-year statute of limitations.

MLG&W raises the following additional issues, as slightly reworded:

(1)     Whether the trial court erred by ruling that a private cause of action exists under (former) Memphis City Ordinance § 25-163 (now codified at Memphis Code of Ordinances § 4-28-4).

(2)     Whether the trial court erred by ruling that action for declaratory judgment and claim for damages was not properly a common law writ of certiorari that was subject to a sixty-day limitations period.

### *Standard of Review*

We review a trial court's award of summary judgment *de novo*, with no presumption of correctness, reviewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted). Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* at 83 (quoting Tenn. R. Civ. P. 56.04). The burden is on the moving party to demonstrate that there are no

genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* (citations omitted).

After the moving party has made a properly supported motion, the nonmoving party must establish the existence of a genuine issue of material fact. *Id.* (citations omitted). To satisfy its burden, the nonmoving party may: (1) point to evidence of over-looked or disregarded material factual disputes; (2) rehabilitate evidence discredited by the moving party; (3) produce additional evidence that establishes the existence of a genuine issue for trial; or (4) submit an affidavit asserting the need for additional discovery pursuant to Rule 56.06 of the Tennessee Rules of Civil Procedure. *Id.* (citations omitted). The court must accept the nonmoving party's evidence as true, resolving any doubts regarding the existence of a genuine issue of material fact in that party's favor. *Id.* (citations omitted). A disputed fact that must be decided to resolve a substantive claim or defense is material, and it presents a genuine issue if it reasonably could be resolved in favor of either one party or the other. *Id.* (citations omitted). With this standard in mind, we turn to whether the trial court erred by awarding summary judgment in this case.

### *Discussion*

We turn first to Mr. Truax's assertion that the trial court erred by dismissing his cause of action based upon the six-year statute of limitations applicable to claims asserting breach of contract. In his brief to this Court, Mr. Truax asserts his breach of contract action did not accrue until November 2, 2007. He asserts that, although he went before the pension board in 2001, MLGW did not conclusively and finally deny his request for credit for prior service until November 2007. He contends that MLGW's refusal to credit his prior years of service constitutes a breach of the 1978 pension plan, and that the continuing violations doctrine is applicable to this case. MLGW, on the other hand, asserts that, assuming the statute of limitations applicable to breach of contract actions applies in this case, Mr. Truax's action accrued in April 2001, when his request was first denied.

An action for breach of contract accrues when one party demonstrates a clear intention not to be bound by the contract. *Coleman Mgmt., Inc. v. Meyer*, 304 S.W.3d 340, 348 (Tenn. Ct. App. 2009). Contrary to Mr. Truax's assertion that his request was not affirmatively denied until 2007, the record demonstrates that the MLGW pension board explicitly denied his request in April 2001. The minutes of the April 5, 2001, board meeting state:

> It was motioned by Mr. Tune and seconded by Mr. Gardiner and carried:
>
> THAT, the Board would accept the report from Mr. Carney and deny

-4-

the prior service requests.

The motion carried with Ms. Dawson voting no.

Mr. Truax thanked the Board for its support in researching the prior service requests. He discussed his specific prior service request.

The 2005 and 2007 correspondence in the record reflect MLGW's continued assertion that Mr. Truax was not entitled to a credit for previous service because his employment was not a "transfer" as required by the pension plan. Correspondence dated October 26, 2005, for example, states:

I thought you have been fully and thoroughly apprised of the discussions and actions of the Benefits Committee and Pension Board concerning who is entitled to purchase prior service . . . .

You have previously applied to purchase prior City service as credited service in the MLGW Pension System. . . . That request has been denied . . . . That denial was final.

Mr. Truax relies on *Owens v. University Club of Memphis*, No. 02A01-9705-CV-00103, 1998 WL 719516 (Tenn. Ct. App. Oct. 15, 1998), for the proposition that the continuing violations doctrine applies to this action. We must disagree. The continuing violations doctrine is most often applied in actions alleging discrimination, where it may be difficult to pinpoint discrete acts of discrimination apart from a pattern of discriminatory conduct. Under the doctrine, "a plaintiff may be granted relief for a time-barred act by linking a series of related acts, one or more of which falls within the limitations period." *Frazier v. Heritage Fed. Bank for Sav.*, 955 S.W.2d 633, 637 (Tenn. Ct. App. 1997). In *Owens*, we applied the doctrine to claims under the Tennessee Tip Statute, noting that "although the Tennessee Tip Statute states that '[e]ach failure to pay an employee constitutes a separate offense,' the circumstances of this case warrant application of the continuing violation doctrine" because it "would not be reasonable to require that each plaintiff file suit after each paycheck in which the [Defendant] Club withheld tips." *Owens*, 1998 WL 719516, at *15. In this case, MLGW continually and repeatedly denied Mr. Truax's request. However, any breach of contract occurred, if at all, on April 5, 2001, when the MLGW pension board affirmatively denied Mr. Truax's request for prior service credit. The continuing violations doctrine does not stand for the proposition that a plaintiff may avoid an applicable statute of limitations simply by repeating the same request. We accordingly affirm the trial court's dismissal of Mr. Truax's action for breach of contract based upon the statute of limitations.

We turn next to whether the trial court erred by dismissing Mr. Truax's claims under the THRA based on the applicable one-year statute of limitations. In his complaint, Mr. Truax asserted that, in August 1996 and May 2005, MLGW allowed two other employees to transfer previous years of service. In his brief to this Court, Mr. Truax asserts that his action is not barred by the statute of limitations because "the discriminatory conduct . . . has not ceased. Mr. Truax is still being denied his prior service credit[.]" Mr. Truax's argument, as we perceive it, is that the continuing violations doctrine should apply to his action under the THRA.

As noted above, the continuing violations doctrine is most frequently applied in actions alleging discriminatory conduct. It was adopted in Tennessee "as a means for dealing with discrimination which may not be immediately apparent to the victim." *Frazier,* 955 S.W.2d at 637. As noted above, it permits a plaintiff to demonstrate a pattern of discrimination by linking a series of acts where one or more falls within the statutory period. "The crucial issue is whether the nature of the discriminatory acts were 'not apparent when they were committed but became so when viewed in the light of the later acts.'" *Id.* (quoting *Moskowitz v. Trustees of Purdue University*, 5 F.3d 279, 282 (7th Cir.1993)). In this case, none of the acts complained of by Mr. Truax fell within the one-year limitations period. We affirm dismissal of Mr. Truax's claim under the THRA based on the statute of limitations.

With respect to Mr. Truax's claim that MLGW's denial of his request for service credit violated Memphis Ordinance § 25-163, the trial court determined that a private right of action exists under the ordinance, but dismissed Mr. Truax's claim to the extent that it sought relief under the ordinance. Mr. Truax has not appealed that dismissal. We therefore decline to address MLGW's assertion that the trial court erred in determining that a private right of action exists under the ordinance as unnecessary in light of our disposition of this matter.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Remaining issues are pretermitted as unnecessary in view of this holding. Costs of this appeal are taxed to the Appellant, Charles Truax, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE